UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NO.: _____

| | |
|---|---|
| Samuel Edeh,<br><br>   Plaintiffs,<br>v.<br><br>Unifund CCR Partners,<br><br>   Defendants. | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## PRELIMINARY STATEMENT

1. This action for damages under the Fair Debt Collection Practices Act is based on Defendant's false reporting on Plaintiff's credit reports.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 pursuant to 15 U.S.C. § 1692k(d)

3. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") in their illegal efforts to collect a consumer debt from Plaintiff.

4. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## PARTIES

5. Plaintiff Samuel Edeh is a natural person who resides in the City of Rochester, County of Olmsted, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

-1-

6. Defendant Unifund CCR Partners (hereinafter "Defendant") is a collection agency operating from an address of 10625 Techwoods Drive, Cincinnati, OH 45242, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

7. In or around 2000, Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a Credit Card debt with Heritage First USA, in the approximate amount of $1,370, which was used by Plaintiff for personal, family and household purchases.

8. Sometime thereafter, the debt was consigned, placed or otherwise transferred to Defendants for collection from this Plaintiff.

### *Plaintiff's Discovery of Defendant's Collection Activity*

9. In or around October 2008, Plaintiff inquired into his consumer credit reports with TransUnion and Experian.

10. From both his TransUnion and Experian credit reports, Plaintiff discovered that Defendant had listed a collection account on each of his credit reports.

11. Plaintiff became confused and frustrated, as he never consented to an assignment of any debt to Defendant.

12. Plaintiff never received notice from Heritage First USA that the debt had been assigned to any entity other than Heritage First USA.

13. Thereafter, Plaintiff disputed Defendant's listing with both TransUnion and Experian and requested an investigation by both credit-reporting agencies.

*Plaintiff's Request for Information from Unifund*

14. On or about November 14, 2008 Plaintiff faxed a letter to Defendant requesting information concerning the alleged debt Defendant listed on his credit report.

15. On or about November 20, 2008 Plaintiff received information regarding his debt with Heritage First USA including account statements that appeared to be from 2006.

*Plaintiff's Dispute with Unifund*

16. On or about November 22, 2008, Plaintiff faxed a dispute letter to Defendant.

17. Plaintiff disputed, among other things, the existence of a contractual obligation to pay the debt, the right of Unifund to collect the alleged debt, the right of Unifund to acquire the debt by purchase, assignment or otherwise and the amount claimed to be owed.

18. Plaintiff requested, among other things, copies of the original signed contract and debt purchasing agreement.

*Credit Reporting Agencies Investigation*

19. On or about December 18, 2008, Plaintiff disputed the debt and requested an investigation from Experian.

20. On or about December 19, 2008, Plaintiff received the investigation results from Experian showing the outcome as updated.

21. Experian's investigation report shows the Unifund trade line as non-disputed.

22. On or about December 20, 2008, Plaintiff disputed the debt and requested an investigation from TransUnion.

23. Defendant's actions in failing to list the debt as disputed violated numerous provision of the Fair Debt Collection Practices Act, including but not limited to 15 U.S.C. § 1692e, 1692e(8), and 1692e(10) amongst others.

*Plaintiff's January 2009 Credit Reports*

24. On or about January 14, 2009 Plaintiff used the Internet to check his credit report with TransUnion.

25. Plaintiff discovered Defendant's trade line did not show the status of the debt as disputed.

26. On or about January 19, 2009 Plaintiff used the Internet to check his credit report with Experian.

27. Plaintiff again discovered Defendant's trade line did not show the status of the debt as disputed.

28. Defendant's actions in failing to list the debt as disputed violated numerous provision of the Fair Debt Collection Practices Act, including but not limited to 15 U.S.C. § 1692e, 1692e(8), and 1692e(10) amongst others.

*Summary*

29. Defendant's reporting of the debt to one or more consumer reporting agencies was an attempt to collect the debt.

30. In its reporting of the debt to one or more consumer reporting agencies, Defendant failed to report the disputed debt as disputed.

31. All of the above-described collection communications made to Plaintiff by Defendant Unifund were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e, 1692e(8), and 1692e(10) amongst others.

32. The above-detailed conduct by these Defendants of harassing Plaintiffs in an effort to collect this debt was a violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions of the FDCPA resulted in damages to Plaintiff.

## TRIAL BY JURY

33. Plaintiffs are entitled to and hereby respectfully demand a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 et seq.

34. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35. The foregoing acts and omissions of Defendant and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

36. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each and every Defendant herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiff;

        Respectfully submitted,

Dated: January 20, 2009      **WHEATON LAW GROUP, PLLC**

    By:  **s/Christopher S. Wheaton**
Christopher S. Wheaton, Esq.
Attorney I.D.#0389272
2021 East Hennepin Avenue, Suite 195
Minneapolis, Minnesota 55413-1773
Telephone: (612) 379-3191
Facsimile: (612) 605-2102
cswheaton@wheatonlawgroup.com

csw      **Attorney for Plaintiff**

VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF MINNESOTA        )
                          ) ss
COUNTY OF HENNEPIN        )

Plaintiff Samuel Edeh, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorney and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorney which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorney where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

_____
Samuel Edeh

Subscribed and sworn to before me
this 24th day of January, 2009.

_____
Notary Public

CHRISTOPHER SEAN WHEATON
NOTARY PUBLIC - MINNESOTA
MY COMMISSION EXPIRES 01/31/2012